UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARSHEILA CONKLIN,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

Defendant.

CASE NO. 11cv5950-RBL-JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

Noting Date: October 19, 2012

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 14, 15, 16).

The ALJ failed to discuss a medical opinion from non-examining physician, Dr. Robert Hoskins, M.D., however the ALJ's finding that plaintiff could stand and walk for two hours at a time for up to six hours in an eight-hour work day conflicts with Dr.

Hoskins' opinion. This error was not harmless. Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). The ALJ also committed legal error by failing to discuss the lay opinion evidence.

## BACKGROUND

Plaintiff, MARSHEILA CONKLIN, was forty-seven years old on her amended alleged date of disability onset of August 10, 2007 (Tr. 15, 196). She had at least the severe impairments of "Trochanteric Bursitis-Bilateral Hips; Arthritis-Bilateral Knees; Diabetes Mellitus; Obesity; Depression; Post-traumatic Stress Disorder ("PTSD"); and Methamphetamine Dependence in Remission" (Tr. 17).

The ALJ considered plaintiff's "allegation that she is dyslexic and reads at a fourth to sixth grade level," however the ALJ found that plaintiff had "demonstrated the ability to function well beyond that level; she has completed community college courses when studying to be a certified nurse's assistant" (*see* Tr. 28; *see also* Tr. 27). Plaintiff had past relevant work as a kitchen helper; fast food worker; health care aide and retail clerk (*see* Tr. 27). However, according to the vocational expert, one with a residual functional capacity ("RFC") such as plaintiff's RFC as found by the ALJ, would not be able to walk "the amount required of a fast food worker, the kitchen helper and health care aide," and that plaintiff's "limitation to occasional public contact would negate any work as a retail clerk" (*see* Tr. 27).

## PROCEDURAL HISTORY

On August 10, 2007, plaintiff protectively filed applications for disability insurance benefits (later withdrawn) and supplemental security income (Tr. 15, 191-93,

194-203). Her applications were denied initially and following reconsideration (Tr. 127-33, 134-41). Plaintiff's requested hearing was held before Administrative Law Judge Laura Valente ("the ALJ") on December 22, 2009 (Tr. 36-93, 141-2).

The ALJ held a supplemental administrative hearing on March 23, 2010 (Tr. 94-122). The ALJ scheduled a supplemental hearing because she sent Dr. Stewart an interrogatory that prompted her to have some additional questions and she also wanted to provide plaintiff with an opportunity to ask additional questions (*see* Tr. 96). On May 18, 2010, the ALJ issued a written decision in which she found that plaintiff was not disabled pursuant to the Social Security Act from August 10, 2007 through the date of the written decision (*see* Tr. 12-29).

On September 19, 2011, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-7). *See* 20 C.F.R. § 404.981. In November, 2011, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on February 10, 2012 (*see* ECF Nos. 9, 10). In her Opening Brief, plaintiff raises the following issues: whether or not the ALJ (1) erred when she failed to address lay evidence; (2) erred by failing to consider properly medical evidence regarding plaintiff's limitations in standing and walking; and (3) erred in her determination regarding plaintiff's mental impairments and functional limitations by assessing only the mental limitation to occasional, superficial contact with the general public (ECF No. 14).

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole,

weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting Andrews, supra*, 53 F.3d at 1039). In addition, the Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. April 2, 2012) (Dock. No. 10-16578); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." *Stout, supra*, 454 F.3d at 1054 (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 2012 U.S. App. LEXIS 6570 at

*24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55.

DISCUSSION

1. The ALJ failed to evaluate the medical evidence properly, including the medical opinion of non-examining physician, Dr. Robert Hoskins, M.D.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick, supra*, 157 F.3d at 725 (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). However, the ALJ "need not discuss *all* evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam). The ALJ must only explain why "significant probative evidence has been rejected." *Id.* (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981)).

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). On the other hand, an ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(d). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan, supra*, 242 F.3d at 1149 (*citing Magallanes, supra*, 881 F.2d at 752). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831); *see also* 20 C.F.R. § 404.1527(d)(2)(i) (when considering medical opinion evidence, the Commissioner will consider the length and extent of the treatment relationship).

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, *supra*, 53 F.3d at 1041). However, according to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5 at *20.

Here, despite making a RFC assessment that conflicts with the opinion of Dr. Robert Hoskins, M.D. ("Dr. Hoskins") the ALJ failed to explain why this opinion was not adopted. *See id.* Although defendant contends that this error is harmless because the ALJ's decision is consistent with Dr. Hoskins opinion, the Court is not persuaded by this argument (*see* Response, ECF No. 15, p. 11).

When indicating his opinion regarding plaintiff's functional limitations on her ability to work, Dr. Hoskins affirmed an opinion based on four options:

Plaintiff's assessed ability to Stand and/or walk (with normal breaks) for a total of:

(1) Less than 2 hours in an 8-hour workday;
(2) At least 2 hours in an 8-hour workday;
(3) About 6 hours in an 8-hour workday; or
(4) Medically required hand-held assistive device is necessary for ambulation.

(Tr. 508, 568; *see also* Tr. 514).

The opinion by state agency, reviewing doctor, Dr. Hoskins, affirmed the opinion in this context that plaintiff could stand and/or walk at least 2 hours in an 8-hour

workday, not that she could do so for about 6 hours. As conceded by defendant, "the ALJ's finding that Plaintiff could perform light work means that Plaintiff could stand or walk for up to six hours in an eight-hour day" (*see* Response, ECF No. 15, p. 9). Based on a review of the relevant record, the Court concludes that this implicit RFC finding by the ALJ is not consistent with the opinion from Dr. Hoskins (*see* Tr. 508, 568). Because of this inconsistency, the ALJ should have explained explicitly why the opinion of Dr. Hoskins was rejected. *See* 1996 SSR LEXIS 5 at *20.

The Court also notes that Dr. Hoskins' opinion is consistent with other evidence in the record (*see* Tr. 23-24; *see also, e.g.*, Tr. 46 (Dr. Newman's opinion that plaintiff "can't be on her feet all day long"); Tr. 324 (Dr. Lynn L. Staker, M.D.,'s opinion that plaintiff "would have trouble doing jobs requiring prolonged standing, walking"); Tr. 398 (Dr. Staker's opinion that plaintiff "would qualify for sedentary level")). For example, Dr. William Newman, M.D. ("Dr. Newman"), who testified as a medical expert at plaintiff's administrative hearing, opined that plaintiff "can't be on her feet all day long" (Tr. 46). He agreed that plaintiff was at the sedentary level for standing and walking (*see id.*). When discussing plaintiff's alleged neuropathy, Dr. Newman also indicated that he was discussing the context of plaintiff "being on her feet two hours *a day*" (*see* Tr. 47 (emphasis added)).

As noted by the ALJ, Dr. Newman "opined that the claimant could not be on her feet for six hours, but could do so for two hours" (Tr. 24). However, the ALJ found that "the evidence as a whole does not limit the claimant entirely from standing more than two hours in an eight-hour day" (*id.*). However, by relying in general on "the evidence as

a whole," the ALJ here appears to rely on her own opinion as opposed to the opinions of medical experts and doctors. The ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *See Reddick, supra*, 157 F.3d at 725 (*citing Embrey*, *supra*, 849 F.2d at 421-22).

The ALJ committed harmful legal error during the evaluation of this matter, such as rejecting medical opinion evidence from Dr. Hoskins without explanation when determining plaintiff's RFC. SSR 96-8p, 1996 SSR LEXIS 5 at *20. Therefore, this matter should be reversed and remanded to the Commissioner for further consideration. Any other medical opinion evidence that conflicts with the new RFC determination following remand of this matter should be rejected explicitly if it is not consistent with the new RFC. *See id.*; (*see also* Tr. 452, 491; *see also* ECF No. 15, p. 12 (defendant concedes that Dr. Paul Choi, M.D. opines that plaintiff was limited to unskilled work, a finding not made by the ALJ)).

Similarly, although the ALJ found that the opinion of Dr. Neims conflicts with reports from treating physician, Dr. William Cagle, M.D., the ALJ fails to specify a single conflict between the opinion of Dr. Neims and the treatment reports of Dr. Cagle; and the other mentions of Dr. Cagle by the ALJ bear little relevance to this issue. This error should be remedied on remand. Following remand of this matter, the ALJ should provide plaintiff with a *de novo* hearing and a new written decision, with a new residual functional capacity assessment. The ALJ should complete the remainder of the sequential disability evaluation process as necessary.

2. The lay testimony should be evaluated explicitly following remand of this matter.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," *see* 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources," *see* 20 C.F.R. § 404.1513 (d)(4), and "other sources" such as nurse practitioners and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d)(1). *See also Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*citing Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because "[i]n determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

Testimony from "other non-medical sources," such as friends and family members, *see* 20 C.F.R. § 404.1513 (d)(4), may not be disregarded simply because of their relationship to the claimant or because of any potential financial interest in the claimant's disability benefits. *Valentine v. Comm'r SSA*, 574 F.3d 685, 694 (9th Cir.

2009). In addition, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout, supra*, 454 F.3d at 1056 (reviewing cases).

The ALJ here failed to discuss the lay evidence, committing legal error. *See id.*; *Turner, supra*, 613 F.3d at 1224. This error should be corrected following remand of this matter.

CONCLUSION

The ALJ failed to discuss a medical opinion from non-examining physician, Dr. Hoskins, however the ALJ's finding that plaintiff could stand and walk for two hours at a time for up to six hours in an eight-hour work day is not consistent with Dr. Hoskins' opinion, which is consistent with other evidence in the record. The ALJ also committed legal error by failing to discuss, and failing to give any germane reason to reject, the lay opinion evidence.

Based on these reasons and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 19, 2012, as noted in the caption.

Dated this 27th day of September, 2012.

J. Richard Creatura
United States Magistrate Judge